UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TATUM T. BASS, a minor, by<br>WILLIAM K. BASS and NINA B. BASS, her parents<br>and Next Friends,<br>    Plaintiff,<br><br>v.<br><br>MISS PORTER'S SCHOOL, INC. and KATHERINE<br>WINDSOR,<br>    Defendants. | CIVIL ACTION NO.<br>3:08-cv-01807-JBA<br><br><br><br>AUGUST 13, 2009 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THIRD PARY FACEBOOK, INC.

Pursuant to Fed. R. Civ. P. 45, the Plaintiff hereby moves for an order from the court compelling Third Party Facebook, Inc., to comply with a subpoena requesting records of the Plaintiff's de-activated Facebook account. In support of this Motion, the Plaintiff states the following.

I. BACKGROUND

Plaintiff Tatum Bass enrolled as a boarding student at Miss Porter's School ("MPS") as an incoming freshman in September 2005. Since then, Tatum was actively involved in the school community, consistently earned a spot on the MPS Honor Roll and participated in MPS athletics, MPS student government and MPS civic clubs.

Tatum was elected by the student body to serve as Student Activities Coordinator for the 2008-2009 school year, which is one of nine student government positions (known

as the "Nova Nine") at MPS and is responsible for planning all student activities, including the school prom.

Just before Tatum's senior year, MPS installed a new Head of School, Katherine Windsor. Tatum was also assigned a new advisor for her senior year, Laura Danforth, the Second Head of School. As the academic year began, a series of events unfolded in which Tatum was the target of bullying and harassment based on her disability and her involvement in a controversial proposal for a multi-school prom, which was approved by MPS. The bullying and harassment caused Tatum to experience increasing amounts of emotional stress and anxiety and made it very difficult for Tatum to complete her college applications and to participate in her classes.

Nina Bass and Tatum made several requests to MPS administration, including to Windsor, that they intervene to prevent the bullying and provide Tatum with emotional support. However, the Defendants failed to intervene.

As the bullying and harassment continued, Tatum's emotional stress and anxiety became overwhelming, causing her to suffer a mental and emotional collapse wherein she used her personal notes to complete an Art History test. Tatum self-reported her conduct of her own initiative immediately after turning in the test.

Tatum was immediately given a three-day off-campus suspension, which she served. Upon her return to MPS after completing her suspension, the harassment continued and her parents, upon the recommendation of Tatum's lifelong pediatrician and a local child psychiatrist, requested that Tatum be placed on medical leave.

The Defendants refused to process or consider Tatum's request for medical leave, but did cut off Tatum's school email and access to her teachers. On November 18, 2008,

the Defendants wrongfully expelled Tatum from MPS for alleged unexcused absences and violation of school rules without giving her an opportunity to be heard.

Plaintiff's allegations of bullying and harassment include conduct that took place over Facebook. The Plaintiff's Facebook account was disabled, however, after she was denied access to her @missporters.org email account, which she used to establish her Facebook account. The Plaintiff made several attempts to reactivate her Facebook account by communicating with Facebook's helpdesk services over email. It became clear through these communications that Facebook would not allow the Plaintiff access to her account. Thereafter, counsel for the Plaintiff sent counsel for the Defendants an email indicating that the only way to allow the Plaintiff to re-access her account was to reactivate her @missporters.org account, and suggested that the Defendants do so. The Defendants never responded to this request. Plaintiff then decided to serve Facebook with a subpoena, requesting "All emails, wall postings, Facebook chat sessions, status updates and status comments, and any other material received or sent from the Facebook account of Tatum T. Bass (email address tatumbass@missporters.org) from September 1, 2008 through the present. Please include any and all deleted content with your production." Service of the subpoena was effected on July 15, 2009. (A copy of the subpoena along with return of service is attached hereto as Exhibit A.)

On July 20, 2009, the Plaintiff received form objections from Facebook, indicating the following reasons:

- Insufficient time to respond;
- Overly broad, Intrudes upon information protected by the Electronic Communications Privacy Act ("ECPA"). ... The ECPA is a federal statute that

prohibits Facebook from producing some or all of the information sought;

- Unduly burdensome. The request would require Facebook to spend an unreasonable amount of time or other resources to comply; and

- Insufficient payment of fees. The requesting party failed to pay the required $50.00 in minimum processing fees for the costs of production. The production may be delayed until the proper fees are paid in full.

(Facebook's Objections are attached hereto as Exhibit B.) The Plaintiff now seeks the Court's assistance in retrieving the requested documents.

## II. LAW AND ARGUMENT

The Federal Rules of Civil Procedure provide that a person commanded to produce documents or tangible things pursuant to a subpoena may serve on the serving party written objections. Fed. R. Civ. P. 45(c)(2)(B). The Rules further provide that if the commanded party files any such objections, that the serving party may, at any time, upon notice to the commanded party, move the court for an order compelling production or inspection. Fed. R. Civ. P. 45(c)(2)(B)(i). On August 10, 2009, the Plaintiff provided notice to Facebook of this Motion. (Letter of Intent to File Motion to Compel attached hereto as Exhibit C.)

Facebook's objections are standard, form objections. Nowhere in them does it provide information specific to how the Plaintiff's subpoena in particular would cause any kind of undue burden or expense, or how her particular subpoena would cause a violation of the Electronic Communications Privacy Act; the objections simply assert that these things may occur. These objections as set forth are insufficient. Further, two of the listed objections are no longer relevant. The first objection states that Facebook has

insufficient time to respond. Plaintiff has no objection to allowing Facebook more time to respond to the production request. In the last objection, Facebook states that the $50.00 processing fee was not provided. The Plaintiff was unaware of that processing fee when the subpoena was served, but has since provided payment to Facebook for the processing fee.

### III. CONCLUSION

For all of the foregoing reasons, the Court should grant this Motion and require Facebook to produce documents requested in the Plaintiff's July 15, 2009 subpoena.

THE PLAINTIFFS

By: /s/
Richard L. Albrecht (ct 05751)
Heather R. Spaide (ct 27705)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tel. (203) 368-0211
Fax. (203) 394-9901
Email: ralbrecht@cohenandwolf.com
Email: hspaide@cohenandwolf.com

## CERTIFICATE OF SERVICE

This shall certify that on this 13th day of August, 2009, a copy of the foregoing was filed with the Court electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system:

>James M. Sconzo, Esq.
>Michael Petrie, Esq.
>Jonathan C. Sterling, Esq.
>Jorden Burt LLP
>175 Powder Forest Drive, Suite 301
>Simsbury, CT 06089-9658
>(Counsel for the Defendants)

This shall further certify that a true copy of the foregoing was mailed via United States Mail, postage prepaid, to the following counsel for Third Party Facebook, Inc.:

>Genevieve Ovalle
>Facebook, Inc., Legal Department
>1601 South California Avenue
>Palo Alto, California 94304

_____
Richard L. Albrecht