UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Tatum Bass, a minor, by William K. Bass and Nina B. Bass, her parents and next friends,<br>    *Plaintiff*,<br><br>       *v.*<br><br>Miss Porter's School and Katherine Windsor,<br>    *Defendants*. | Civil No. 3:08cv1807 (JBA)<br><br><br><br><br><br>October 27, 2009 |

ORDER

In a Request for Production dated January 22, 2009, Defendants sought documents that were "related to [Plaintiff's] alleged teasing and taunting through 'text messages' and 'on Facebook'" as well as "all documents representing or relating to communications between [Plaintiff] and anyone else . . . related to the allegations in [Plaintiff's] Amended Complaint." (Petrie Aff. [Doc. # 94] at ¶ 4 and Ex. A (Requests 9, 11, 18).) This request was directed, in part, at documentation of Plaintiff's former account on Facebook, the social networking website. On April 7, 2009, Plaintiff asserted two objections to these requests: that Defendants sought "the production of information that [is] irrelevant and immaterial, and . . . is not reasonably calculated to lead to the discovery of admissible evidence," and that "[Plaintiff's] ability to produce responsive documents was severely curtailed by Defendants' actions in disconnecting the Plaintiff's access to her school email and intranet access prior to the filing of this lawsuit." (*Id.* at ¶ 5 and Ex. A (Pl.'s Responses).)

Plaintiff thereafter served a subpoena on Facebook in an attempt to get records of her former Facebook account, to which she states she lost access prior to the filing of this action.

On September 14, 2009, Plaintiff's counsel and Facebook reached a stipulated agreement pursuant to which Facebook would release "reasonably available data" from Plaintiff's Facebook profile covering January 1, 2008 through May 1, 2009, thus mooting Plaintiff's second objection.  On September 21, 2009 the Court issued an Order that provided, in part: "Plaintiff shall produce: (1) to Defendants, all documents from Facebook that are responsive to Defendants' discovery requests; and (2) to the Court for *in camera* review, a complete set of the documents provided to Plaintiff by Facebook, distinguishing the subset of documents provided to Defendants."  (Order dated Sept. 21, 2009 [Doc. # 136] at ¶ 5.)  On October 20, 2009 Plaintiff provided to the Court both a complete set of the documents provided to Plaintiff by Facebook, which totaled more than 750 pages of wall postings, messages, and pictures (the "Facebook Production"), and a copy of the subset of those documents that were produced to Defendants, which totaled approximately 100 pages.  Plaintiff's discovery compliance has offered no guidance as to the grounds or basis on which her counsel made the determination of which documents to produce to Defendants.

In assessing the grounds for Plaintiff's first objection—that the documents sought are "irrelevant and immaterial" and "not reasonably calculated to lead to the discovery of admissible evidence"—the Court has undertaken a sampling comparison of the scope of the two sets of documents by date, sender/recipient, and subject matter.  The selections of documents Plaintiff disclosed to Defendants and those she referred for *in camera* review reveal no meaningful distinction.  Facebook usage depicts a snapshot of the user's

relationships and state of mind at the time of the content's posting.  Therefore, relevance of the content of Plaintiff's Facebook usage as to both liability and damages in this case is more in the eye of the beholder than subject to strict legal demarcations, and production should not be limited to Plaintiff's own determination of what may be "reasonably calculated to lead to the discovery of admissible evidence."  In addition, the Court's review of the unproduced portion of the Facebook Production revealed a number of communications to and from Plaintiff that are clearly relevant to this action.  Plaintiff's undifferentiated objection is therefore overruled.

The Court's complete copy of the Facebook Production may be picked up at the courthouse, and counsel for Defendants should make arrangements for collecting the documents by calling chambers at 203-773-2456.  If defense counsel does not elect to "recycle" the Court's copy, they shall notify Plaintiff's counsel, who shall, at Defendants' expense, produce to Defendants a complete color-copy set of the unproduced portion of the Facebook Production.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of October, 2009.