UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Tatum Bass, a minor, by William K. Bass and Nina B. Bass, her parents and next friends,<br>    *Plaintiff*,<br><br>        *v.*<br><br>Miss Porter's School and Katherine Windsor,<br>    *Defendants.* | Civil No. 3:08cv1807 (JBA)<br><br><br><br><br>January 4, 2010 |

ORDER

Plaintiff moves to strike certain exhibits submitted by Defendants in support of their motion for summary judgment. Under Federal Rule of Civil Procedure 12(f), a court may

> strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, but are within the district court's sound discretion. Striking a pleading has been described as a "drastic remedy," and "[t]o prevail on a motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the [movant]."

*Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102–03 (D. Conn. 2008) (citations omitted). Plaintiff argues that a number of assertions in nine affidavits are "inadmissible hearsay," constitute discussion of "matters to which the affiant is not competent to testify," state "legal conclusion[s] that [are] unsupported," are "vague" or "argumentative," contain "unsupported characterizations," provide "no foundation," or are not based on "personal knowledge." Plaintiff has neither argued nor shown that she has suffered any prejudice by these assertions' inclusion in the record, or that the challenged matter has no bearing on the subject matter of the litigation, so relief under Rule 12(f) is not warranted, and her motion to strike will be denied. To the extent her challenge is to the admissibility of these assertions, the Court will consider Plaintiffs' objections when considering the pending motion for summary judgment. *See, e.g.*, *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582

F.3d 244, 264 (2d Cir. 2009) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." (internal quotation omitted)); *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 205–06 (2d Cir. 2005) ("Even on summary judgment, a district court has wide discretion in determining which evidence is admissible." (internal quotation omitted)).

Defendants have moved for an extension of time in which to respond to Plaintiff's motion to strike and her opposition to their motion for summary judgment. This motion is now moot as to the motion to strike, and is denied as such. Defendants argue that under Local Rule 7(d), they have 14 calendar days to reply to Plaintiffs' opposition to summary judgment, which they characterize as "sizeable," rather than the 10 calendar days provided by the Court in its December 29th Scheduling Order. The Court may order a different deadline from that indicated in Local Rule 7(d). However, Defendants have shown sufficient good cause to warrant extension of the deadline by four calendar days to January 11, 2010, which is the deadline imposed by the local rule.[1]

For the reasons stated above, Plaintiff's Motion to Strike [Doc. # 156] is DENIED; Defendants' Motion for Extension of Time [Doc. # 162] is GRANTED IN PART; and Defendants' reply in support of summary judgment shall be filed by January 11, 2010.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of January, 2010.

---

[1] Fourteen days from December 28, 2009—the date on which Plaintiff filed her opposition—is January 11, 2010, not January 12, 2010, as Defendants calculate.