UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TATUM T. BASS, a minor, by<br>WILLIAM K. BASS and NINA B. BASS, her parents<br>and Next Friends,<br>    Plaintiff,<br><br>v.<br><br>MISS PORTER'S SCHOOL, INC. and KATHERINE<br>WINDSOR,<br>    Defendants. | CIVIL ACTION NO.<br>3:08-cv-01807-JBA<br><br><br><br><br>SEPTEMBER 27, 2010 |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION

Pursuant to Local Civil Rule 7(c), the Plaintiff, Tatum Bass, hereby moves for partial reconsideration of the Court's (Arterton, J.) September 1, 2010 Ruling on Defendants' Motion for Summary Judgment. In support hereof, the Plaintiff respectfully represents as follows.

Local Civil Rule 7(c) provides that Motions for reconsideration shall be filed and served within fourteen days of the filing of the decision or order from which relief is sought. Local Civil Rule 7(c) also states that the memorandum in support of a motion for reconsideration shall set forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision.

On September 1, 2010, the Court (Arterton, J.) issued is Ruling on Defendants' Motion for Summary Judgment ("MSJ Ruling"). In its MSJ Ruling, the Court granted summary judgment on Count 9 of the Plaintiff's Fourth Amended Complaint, which

1

alleged breach of fiduciary duty against the Defendants Miss Porter's School and Katherine Windsor. In granting summary judgment, the Court stated with regard to Defendant Miss Porter's School that it is not aware of any cases holding that a school has a fiduciary relationship to a student (MSJ Ruling, p. 37), and stated with regard to Defendant Windsor that "the record shows Windsor, the only individual defendant, not to have had substantial contact with Plaintiff prior to the incidents at issue in this suit, and therefore not to support any conclusion that the Windsor-Tatum relationship was characterized by such trust or confidence." (MSJ Ruling, p. 38.)

However, by way of the August 30, 2010 Connecticut Law Reporter (see Exhibit 1, attached hereto), counsel for the Plaintiff only recently became aware of a recently-decided Connecticut Superior Court case in which a high school student alleged that her coach had violated his fiduciary duties to her. Doe v. Terwilliger, 2010 WL 2926168, 50 Conn. L. Rptr. 1 (Conn. Super. Ct. June 8, 2010)(decision attached hereto as Exhibit 2). In Terwilliger, the court denied the defendant's motion to strike the plaintiff's claim for fiduciary duty and stated that:

> The court is further persuaded by the fact that Connecticut courts, addressing the existence of a fiduciary relationship, attach significance to whether the plaintiff was a minor and additionally, draw a line between a typical student-teacher relationship and those relationships that include "something more," namely acts of fraud, misconduct or misappropriation on behalf of the superior party. Id. at *4.

While a Connecticut Superior Court case is not controlling on the District of Connecticut, the Terwilliger case speaks to the issues present in Tatum Bass's claims against Katherine Windsor and should be considered by the Court.

The basis of the Court's decision for granting summary judgment as to the Plaintiff's Count 9 against Katherine Windsor was the Court's conclusion that there was

2

that there was not sufficient contact between Windsor and Tatum to create a fiduciary relationship. As an initial matter, this is a factual determination to be made by the jury. However, using the reasoning of the <u>Terwilliger</u> case, the jury should be permitted to consider the instances of misconduct that the Plaintiff alleged by Windsor in addition to other instances of contact and attempted contact between Tatum and Windsor. The additional instances of misconduct by Windsor that the finder of fact should consider in determining whether the Windsor-Tatum relationship created fiduciary responsibilities on the part of Windsor, the superior party, include: (1) Windsor requiring Tatum to leave campus, at night, immediately after her suspension with nowhere to go when she knew that Tatum was in emotional distress; (2) Windsor unreasonably refusing and failing to process Tatum's request for medical leave, (3) Windsor unreasonably blocking the Director of Counseling from viewing or evaluating the Second Recommendation or Request for Evaluation, (4) Windsor unreasonably refusing to grant medical leave to Tatum and blocking school communications with her doctors when she knew or should have known that Tatum was in emotional distress; (5) Windsor unreasonably blocking Tatum from communicating with teachers and students while she was still an enrolled student at MPS; and (6) Windsor requiring a release of legal liability from Tatum in exchange for a "withdrawal" on Tatum's record instead of an expulsion.

    The fact finder should consider all of the instances of contact and attempted contact between Tatum and Windsor as well as Windsor's misconduct towards Tatum. For all of the foregoing reasons, and in light of the <u>Terwilliger</u> case, the Plaintiff respectfully requests that the Court reconsider its decision to grant summary judgment on the Plaintiff's Count 9, and find instead that there are genuine issues of material fact as to

the fiduciary relationship between Katherine Windsor and the Plaintiff, and that the Defendants are not entitled to judgment as a matter of law on Count 9 of the Plaintiff's Fourth Amended Complaint.

THE PLAINTIFFS,

By: _____
Richard L. Albrecht (ct 05751)
Heather R. Spaide (ct 27705)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tel. (203) 368-0211
Fax. (203) 394-9901
Email: ralbrecht@cohenandwolf.com
Email: hspaide@cohenandwolf.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2010, a copy of the foregoing, was filed electronically. Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing. Parties may access the foregoing filings and this Certification of Service through the Court's system.

_____
Heather R. Spaide